IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DANNY ARTHUR EDWIN ARLEDGE,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN MIKE MAHONEY, Warden, Montana State Prison,<br><br>Respondent. | ) | Cause No. CV 07-03-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On January 8, 2007, Petitioner Danny Arledge moved to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254. The motion was granted in a separate Order (doc. 4). Petitioner is a state prisoner proceeding pro se. If it exists, jurisdiction would lie pursuant to 28 U.S.C. §§ 1331, 2241, and 2254.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* If summary dismissal is not warranted, the judge must order the respondent to file an answer,

motion, or other response or "to take other action the judge may order." *Id.*

**II. Background and Petitioner's Allegations**

Petitioner alleges that his discharge date is incorrectly calculated. He contends that the correct calculation should begin with a decision made on July 30, 1992, by the Montana Board of Pardons and Parole, stating that "Board allows commencement of consecutive sentence." Pet. Ex. I at 1. The Board also denied parole, *see* Pet. Ex. I at 1, ¶ B, so its decision to allow commencement of a consecutive sentence is ambiguous. The Department of Corrections has calculated Petitioner's discharge date, pursuant to Missoula County Cause No. 7439, as forty years from November 6, 1992. The Department has also given Petitioner good-time credits against that sentence beginning on February 2, 1993. On October 5, 2005, Petitioner received a response from the Records Department indicating that it believed his sentence was correctly calculated. *See* Pet. Exs. F, G.

Pursuant to Mont. Code Ann. §§ 46-22-101 *et seq.*, Petitioner filed a petition for writ of habeas corpus in the Montana Supreme Court on October 1, 2006. The writ was denied on November 29, 2006. Petitioner filed in this Court on January 8, 2007.

**III. Analysis**

A state prisoner's challenge to a final decision by a state administrative entity is governed by 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004). Consequently, the instant petition would likely be subject to the general prohibition on second or successive petitions, *see* 28 U.S.C. § 2244(b)(2),[1] the doctrine of procedural default, *see Harris v. Reed*, 489

[1] The instant petition is at least Petitioner's fourth in this Court. *See Arledge v. McCormick*, No. CV 92-108-M-CCL (D. Mont. judgment entered Sept. 28, 1993); *Arledge v. McCormick*, No. CV 92-109-M-CCL (D. Mont. judgment entered Oct. 8, 1993); *Arledge, et al. v. McCormick, et al.*, No. CV 93-26-BU-PGH (D. Mont. judgment entered Dec. 9, 1994); *Arledge v. Mahoney*, No. CV 97-171-M-DWM (D. Mont. judgment entered Dec. 23, 1998). Docket sheets are electronically available only back to approximately 1992.

U.S. 255, 263 (1989), and the one-year federal statute of limitations, *see id.* § 2244(d). *See White*, 370 F.3d at 1008. All of these procedural obstacles appear to preclude Petitioner from proceeding in this Court.

However, in this case, even the threshold procedural inquiries do not come into play. Federal habeas jurisdiction lies only for petitioners who allege that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner alleges only that his discharge date is incorrect. *See* Pet. at 1. Even assuming that his allegations are true, the Court is not aware of any authority holding that the United States Constitution is violated when a state official makes an error in a sentence calculation.

Because a pro se petitioner's documents must be liberally construed, *see Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007), the Court will go further. Under certain circumstances, a habeas petitioner who shows that he will, "unless some future event intervenes," be imprisoned beyond his proper discharge date, *see Benitez v. Garcia*, 476 F.3d 676, 680 & n.1 (9th Cir. 2007) (holding that such an inmate has shown a sufficient possibility of future injury to confer standing), might state a claim for a violation of the Federal Constitution under either the Eighth Amendment

---

It is not always easy to know whether a petition is "second or successive" within the meaning of § 2244. For instance, in *Hill v. State of Alaska*, 297 F.3d 895 (9th Cir. 2002), the court held that a petitioner who had filed "numerous habeas petitions since he was convicted of robbery in 1993" did not file a successive petition when he filed his "initial" petition "challenging the calculation of the prisoner's release date." The court was concerned that a too-literal interpretation of § 2244(b)(2) would "all but foreclose challenges to the constitutionality of the execution of sentences." *Id.* at 898 (quoting *Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001)) (internal quotation marks and brackets omitted). Accordingly, "a prisoner's first petition challenging the calculation of release date should not be deemed successive if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition." *Id.* (describing the holdings of *Crouch*, 251 F.3d at 725, and *In re Cain*, 137 F.3d 234, 236-37 (5th Cir. 1998) (per curiam)).

Without flyspecking the petition, and possibly ordering an Answer from the State, it is difficult to tell whether Petitioner had an opportunity to challenge his discharge date before he filed his last petition in 1997. It appears that one of his sentences was altered in 1997. Additionally, although a 15-year sentence was apparently reduced to ten years in 1990, the sentence calculation sheet still shows it as a 15-year sentence. *See* Pet. Ex. C at 1; *id.* Ex. E-1. It is not worth taking the steps necessary to answer these questions, because Petitioner does not fairly allege a violation of federal law.

or the Due Process Clause of the Fourteenth Amendment:

> Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of "deliberate indifference" to the prisoner's liberty interest; otherwise, such detention can be held to be unconstitutional only if it violates due process. . . .
>
> [T]he Fourteenth Amendment does not guarantee state prisoners a particular method of calculating prison sentences. But when the state itself creates a statutory right to release from prison, the state also creates a liberty interest and must follow minimum due process appropriate to the circumstances to ensure that liberty is not arbitrarily abrogated.

*Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985) (en banc); *see also Alexander v. Perrill*, 916 F.2d 1392, 1398 (9th Cir. 1990).[2]

The petition and attached exhibits conclusively show that Petitioner could not amend his pleading to state a claim under the Eighth Amendment. Nothing in the materials he submitted could support an inference that prison officials were "deliberately indifferent" to his interest in a correct calculation. He was not ignored, as were the plaintiffs in *Haygood* and *Alexander*. *See Alexander*, 916 F.2d at 1398 (describing both cases). Indifference to an inmate's liberty interest is not the same thing as disagreement with an inmate's calculation. While *Haygood* and *Alexander* hold that prison officials have a duty to investigate if they are presented with evidence showing that a sentence calculation is erroneous, Petitioner presented nothing more than the Parole Board's ambiguous case disposition. This is not the stuff of deliberate indifference.

The requirements of due process are flexible, but they generally amount to advance notice of the matter at issue, an opportunity to be heard, and "some evidence" in support of the authority's

---

[2] Although *Haygood* and *Younger* arose under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), respectively, each case held that the plaintiff stated a claim for a constitutional violation. Therefore, they are pertinent authorities on the question of whether Petitioner fairly alleges a violation of federal law under 28 U.S.C. § 2254(a).

decision, before a liberty interest is affected. *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974); *Haygood*, 769 F.2d at 1357-58 (reasoning that availability of habeas relief under state law after inmate has been held past his correct discharge date does not satisfy inmate's interest in pre-deprivation due process). The "some evidence" standard is met if "there is any evidence in the record that could support the conclusion reached." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

Petitioner has communicated extensively with Department of Corrections officials about this issue, even through counsel, *see* Pet. Exs. A, C. He has been given notice of what his discharge date is, and he has had an opportunity to be heard. *Id*. Exs. A-G. It is not clear what sort of hearing a Montana inmate may generally have regarding the calculation of his sentence, but Petitioner has already taken his case to the Montana Supreme Court, prior to suffering any injury, so he could not make any claim based on either a lack of notice or a lack of opportunity to be heard.

As to the "some evidence" standard, Petitioner contends that it makes no sense to say, on the one hand, that his consecutive forty-year sentence in Missoula County Cause No. 7439 commenced on November 6, 1992, and, on the other hand, that he did not begin to earn good time on it until February 2, 1993. *See* Pet. at 8, ¶¶ 16-17. But the sentence calculation sheet provided by the Records Department shows that he received 88 days jail time credit against the sentence. *See* Pet. Ex. E-1. Eighty-eight days is exactly the difference between November 6 and February 2. In effect, Petitioner received concurrent jail credit on a consecutive sentence; if that is an error, it benefitted Petitioner. There is considerably more than "some evidence" in support of the Records Department's calculation. Petitioner has received all the process that is due to him.

Contrary to Petitioner's allegations, federal law provides no guidance whatsoever as to the authority of the Montana Board of Pardons and Parole to set the commencement date of a sentence. The Montana Supreme Court ruled that "the Board of Pardons and Parole has no authority to alter a sentence duly imposed by the District Court." Pet. Ex. H at 3. Not even the United States Supreme Court may question that conclusion. The Montana Supreme Court is the highest existing authority on the interpretation of Montana law. *See, e.g., Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

The cases cited by Petitioner – *In re Liberatore*, 574 F.2d 78, 90 (2d Cir. 1978), *Oxman v. United States*, 148 F.2d 750, 753 (8th Cir. 1954), *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967), and *Brock v. Sullivan*, 733 P.2d 860, 862 (N.M. 1987) – are inapposite. *Liberatore* and *Shields* each involve one sovereign's "interruption" of a sentence imposed by another sovereign. They have no bearing in this case, where all of Petitioner's sentences were imposed by Montana courts, and one authority is responsible for determining how to execute them. *Oxman* construes a federal statute, not state law or the federal Constitution, and *Brock* construes New Mexico law, not Montana law. Here, the question of the Parole Board's authority is purely and simply a matter of Montana law on which the Montana Supreme Court's decision is binding.

Finally, *Kelly v. Risley*, 865 F.2d 201 (9th Cir. 1989), addresses an issue that is moot in this case. Petitioner's consecutive sentence – Missoula County Cause No. 7439, the one as to which he challenges the discharge date, and the one with the latest discharge date – is a no-parole sentence.

His parole eligibility is irrelevant.

The petition should be dismissed for lack of federal jurisdiction because Petitioner cannot show a violation of federal law and amendment would be futile.

## IV. Certificate of Appealability

### A. Applicable Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v. United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. *Id*.

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. §

2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. *Id.*

**B. Discussion**

Nothing in the materials before the Court shows a violation of federal law or gives rise to an inference that federal law might have been violated. Moreover, the Petition is almost certainly procedurally barred because it is second or successive, procedurally defaulted, or filed outside the federal statute of limitations. The Court makes no finding on those points because they are more difficult to resolve than the absence of a federal issue. Finally, as the Montana Supreme Court said, Petitioner's sentence appears to be correctly calculated. Reasonable jurists might dismiss the petition for reasons other than or in addition to those set forth here, but there is no doubt about the result. A COA should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE for failure to state a violation of federal law.

2. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within twenty (20) days[3] of the date entered as indicated on the

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of the case without notice.

DATED this 27th day of June, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge