```
                                FILED
                             MISSOULA, MT

                           2007 AUG 1 PM 4 25

                            PATRICK E. DUFFY
                          BY _____
                                DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DANNY ARTHUR EDWIN ARLEDGE, | ) | CV 07-03-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN MIKE MAHONEY, Warden, Montana State Prison, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Arlegde has filed a Petition for Writ of Habeas Corpus alleging that the discharge date for his Montana state prison sentence has been calculated incorrectly. Prior to filing his federal petition Arledge raised the issue in a petition for writ of habeas corpus before the Montana Supreme Court, which was denied.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Petition as required by Rule 4 of

-1-

the Rules Governing Section 2254 cases in the United States District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge. Judge Strong notes that the petition is likely barred as a successive petition, see 28 U.S.C. § 2244(b)(2), and also barred under the doctrine of procedural default, see Harris v. Reed. The Petition appears to have been filed outside of the one-year statute of limitations as well. See 28 U.S.C. § 2244(d).

Judge Strong does not recommended dismissal on any of these procedural bases, however, because of his conclusion that Petitioner Arledge has failed to allege a constitutional violation. To establish an Eighth Amendment violation for detention beyond the termination of a prison sentence, a petitioner must show that his jailer acted with "deliberate indifference" to his liberty interest or that the detention violates due process. Haywood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Judge Strong concludes that the Petitioner failed to make either showing. There is no deliberate indifference because the Department of Corrections did not ignore Petitioner's claim and in fact issued a response to his claim through its Records Department. Petitioner has received due

process, Judge Strong concludes, because he had notice and an opportunity to be heard before the Department of Corrections and the Montana Supreme Court.

Because he concludes that Petitioner is not entitled to relief, Judge Strong recommends dismissal of the Petition and denial of a certificate of appealability. Petitioner did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Petition is DISMISSED WITH PREJUDICE for failure to state a violation of federal law, and a certificate of appealability is DENIED.

DATED this １st day of August, 2007.

Donald W. Molloy, Chief Judge
United States District Court